UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.    Case No. 2:20-cv-870-JLB-NPM

JEREMIAH HALL,

    Defendant.
_____

**REPORT AND RECOMMENDATION**

The Government brings this action to reduce to judgment unpaid federal income tax liability assessed against Defendant Jeremiah Hall. (Doc. 1). After appropriate service of process, Hall did not respond to the Complaint and as a result, a Clerk's default was entered against him on March 16, 2021. (Doc. 10). The Government moved for a default judgment against Hall and provided a supplement to its motion at the Court's request. (Docs. 11, 12, 13). For the reasons below, this Report recommends the motion for default judgment (Doc. 11) be granted.

    **I.**    **Background**

The Government claims Hall owes federal income tax for the years 2008, 2009, 2010, 2011, 2013, 2014 and 2015 of approximately $675,244.86 plus further accruals of interest and statutory additions. (Doc. 1, ¶¶ 6-30). In support of its allegations, the Government filed declarations of Revenue Officer Advisor with

Civil Enforcement Ruben O. Mojica (Doc. 11-9) and counsel of record Michael N. Wilcove (Doc. 11-8).

As of March 29, 2021, Hall owed $619,614.17 plus statutory interest arising thereafter pursuant to 26 U.S.C. §§ 6621, 6622 and 28 U.S.C. § 1961(c)[1] for unpaid federal income tax liabilities for 2009, 2010, 2011, 2013, 2014, and 2015. Hall is paying the liabilities at issue in monthly installments to the Department of Justice in the amount of $3,086.32, and the payments are being applied to his income tax liability for 2008. (Doc. 11, p. 7). And as of March 29, 2021, he also owed $7,793.62 plus statutory interest arising thereafter pursuant to 26 U.S.C. §§ 6621, 6622 and 28 U.S.C. § 1961(c) for unpaid federal income tax liabilities for 2008, but this latter figure may not be accurate if further payments have been posted to date. (Doc. 11, pp. 1, 7-8).

This suit is brought pursuant to a settlement agreement entered on November 29, 2018. (Doc. 13, pp. 2-3; Doc. 11-8, pp. 10-12). The settlement agreement was attached to Wilcove's declaration—it is signed by Hall and United States Department of Justice Trial Attorney Steven C. Woodliff. (Doc. 11-8, pp. 10-11). This letter sets out an agreement between the Government and Hall in which: (1)

---

[1] 28 U.S.C. § 1961(c)(1) directs that interest on a judgment concerning an internal revenue tax will be "at the underpayment rate … established under section 6621 of the Internal Revenue Code of 1986." The Government notes interest accrues at the rate set forth at 26 U.S.C. §§ 6621(b)(2) and 6662 from January 15, 2021, until the judgment is fully paid. (Doc. 11, p. 10 n.18).

Hall agrees to dismiss his Chapter 13 bankruptcy case; (2) Hall consents to a judgment in federal district court for the unpaid balance of his federal income tax liability for the years at issue here; (3) the Government allows Hall to pay off his income tax debts in installment payments of $3,086.32 per month for 15 years starting on January 1, 2019; and (4) Hall gives consent to the Seminole Tribe to take the installment payments out of his monthly income from the Tribe. (Doc. 11-8, pp. 10-11). If Hall or the Tribe fail to make a timely payment, then counsel for the United States will notify Hall in writing of the failure and give him thirty days to cure. If Hall does not cure his default, then he will be liable for the full amount of the unpaid judgment. (Doc. 11-8, p. 11). Mojica confirmed in his declaration that Hall has made 24 payments of $3,086.32 to the Tax Division and attached a transaction schedule showing these payments were made from April 18, 2019 through March 18, 2021. (Doc. 11-9, pp. 4, 12).

In addition, the Government explained that the purpose of bringing this suit despite already having a settlement agreement and payment plan with Hall is to be able to preserve the Government's ability to collect Hall's unpaid federal tax liability if he were to default outside the statutory 10-year limitations period. This is needed given the parties' agreement to a 15-year payment plan. (Doc. 13, pp. 5-6); *see* 26 U.S.C. § 6502(a).

## II. Legal Standard

"When a defendant has failed to plead or defend, a district court may enter judgment by default. Fed. R. Civ. P. 55(b)(2). Because of our 'strong policy of determining cases on their merits,' however, default judgments are generally disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-1245 (11th Cir. 2015). Entry of a default judgment is warranted only when there is a sufficient basis in the pleadings for judgment to be entered. *Id.* at 1245.

A sufficient basis is akin to facts sufficient to survive a motion to dismiss for failure to state a claim. *Id.* So when evaluating the sufficiency of the alleged facts, a court looks to whether the complaint contains sufficient factual matter that when accepted as true, states a claim for relief that is plausible on its face. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). A defaulted defendant is deemed to admit any well-pleaded allegations of fact "other than one relating to the amount of damages." *See* Fed. R. Civ. P. 8(b)(6); *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Here, the Government seeks a lesser amount than demanded in the pleadings, due to continued payments by Hall pursuant to the settlement agreement. Therefore, the Government's request does not

4

violate Rule 54(c). Moreover, Hall is neither an infant nor incompetent. (Doc. 11-8 ¶ 5); Fed. R. Civ. P. 55(b)(2). And he is not a person in the military service or otherwise exempt from default judgment under the Servicemembers Civil Relief Act, 50 U.S.C.A. § 501 *et seq.* (Doc. 11-8 ¶ 6). As such, Hall is not disqualified from having default judgment entered against him.

### III. Analysis

"An 'assessment' amounts to an Internal Revenue Service determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242, (2002). A tax assessment carries a "'legal presumption of correctness—a presumption that can help the [g]overnment prove its case against a taxpayer in court.'" *United States v. Stein*, 881 F.3d 853, 854-855 (11th Cir. 2018) (quoting *Fior D'Italia, Inc.*, 536 U.S. at 242) (alteration in original). "'In reducing an assessment to judgment, the [g]overnment must first prove that the assessment was properly made. . .. [If it does so,] the taxpayer must then prove that the assessment is erroneous in order to prevail.'" *Id.* at 855 (quoting *United States v. White*, 466 F.3d 1241, 1248 (11th Cir. 2006)) (alteration in original). "The taxpayer has the burden of proving that the computational method used is arbitrary and without foundation." *Olster v. Comm'r of Internal Revenue Serv.*, 751 F.2d 1168, 1174 (11th Cir. 1985).

The Government alleges that it made a prima facie showing that the IRS properly made an assessment through the submission of certified Certificates of Assessments, Payments, and Other Specified Matters (form 4340), attached as exhibits. (*See* Docs. 11-1, 11-2, 11-3, 11-4, 11-5, 11-6, 11-7). To overcome the presumption of correctness, Hall has the burden to prove the method of computing the tax is arbitrary and without foundation. Hall has not contested the method of computation. Thus, the tax deficiency is presumptively correct and, as of March 29, 2021, Hall owes $627,407.79[2] plus statutory interest for unpaid federal income tax liabilities for 2008, 2009, 2010, 2011, 2013, 2014, and 2015, and minus any amounts paid by Hall since March 29, 2021 pursuant to the settlement plan.

## IV. Conclusion

The motion for default judgment (Doc. 11) should be granted, with the Clerk of Court directed to enter a default judgment against Jeremiah Hall. This judgment should be against Jeremiah Hall in the amount $627,407.79 as of March 29, 2021, plus statutory interest under 26 U.S.C. §§ 6621 and 6622 until paid and minus any payments Hall has made since that date.

Reported in Fort Myers, Florida on November 5, 2021.

*Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

---

[2] This sum consists of the combined $619,614.17 and $7,793.62 figures.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**